# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**VIRGIL MARKOVICH,**
**Claimant Below, Petitioner**

**FILED**

**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-180**   (JCN: 2024025188)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Virgil Markovich appeals the April 7, 2025, order of the Workers' Compensation Board of Review ("Board") that affirmed the claim administrator's order of August 28, 2024. Respondent ACNR Resources, Inc. ("ACNR") filed a response.[1] Mr. Markovich did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order that rejected the workers' compensation claim for occupational pneumoconiosis ("OP") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed and remanded for further proceedings consistent with this decision.

Mr. Markovich, a former coal miner, filed an application dated July 23, 2024, for OP benefits. In his application, Mr. Markovich alleged that he was exposed to harmful dust (coal and rock dust) during his employment with ACNR from October of 2009 to July of 2015. In addition to his alleged dust exposure at ACNR, Mr. Markovich also alleged harmful dust exposure while working for the following employers: Belmont County Park from 1999 to 2009 (maintenance dust – electric/plumbing); Rolling Hills from 1985 to 1998 (maintenance dust – electric/plumbing); Laborers Local #1149 from 1981 to 1985 (asbestos/powerplant/coal dust); North American Coal from 1977 to 1979 and 1980 to 1981 (coal and rock dust); and Laborers Local #1149 from 1964 to 1977 (asbestos/power plant/coal dust/construction).

---

[1]Mr. Markovich is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

Shawn Posin, M.D., authored an undated Physician's Report of Occupational Pneumoconiosis, in which he referenced "attached testing" in response to a question about the date of first treatment or examination of Mr. Markovich.[2] Dr. Posin also signed a Medical History and Examination for Coal Mine Workers' Pneumoconiosis form, which listed Neal F. Aulick, M.D., as the physician who examined Mr. Markovich on April 23, 2024. The pulmonary diagnosis of "possible early [illegible word] clinical CWP", based on a "long term exposure to coal dust [with] no other reason for pulmonary issues" is listed on the form as the pulmonary diagnosis.

Radiologist Brian T. Schambach, M.D., interpreted an April 23, 2024, chest x-ray performed due to a clinical history of acute respiratory insufficiency, as follows: "chronic-appearing changes of both lungs. Left basilar atelectasis or airspace disease. No effusions." In a Department of Labor Radiologic Interpretation form (also known as an International Labour Organization "ILO" form), completed on April 26, 2024, Robert J. Tallaksen, M.D., a board-certified radiologist and B-reader, interpreted this same chest x-ray as revealing parenchymal abnormalities consistent with pneumoconiosis.

Also included in the record is a U.S. Department of Labor Report of Ventilatory Study signed by Dr. Aulick on April 23, 2024, and the pulmonary test results from that date. Dr. Aulick interpreted the study as revealing a mild restrictive defect, but normal FVC, FEV1, and FEV1/FVC. Finally, the results of an arterial blood gas study performed on April 23, 2024, and supervised by Dr. Aulick, are included in the record, although it appears that the study could not be completed.

In a separate report, dated September 12, 2024, Dr. Posin reviewed the documentation from the examination and testing performed on April 23, 2024. Dr. Posin found that the chest x-ray showed 1/0 profusion of small opacities, which he said was consistent with pneumoconiosis. Also, Dr. Posin determined that the pulmonary function study performed in April of 2024 revealed an FEV1/FVC of 65%, which he said was consistent with a 20% pulmonary impairment according to West Virginia Code of State Rules § 85-20A (2006). While Dr. Posin said that Mr. Markovich did not have a history of smoking, he noted Mr. Markovich's work history included nine years and eight months in underground coal mining jobs, primarily as a belt man, years of work as a general inside laborer, and seventeen years in construction. Dr. Posin opined that Mr. Markovich had a 20% permanent pulmonary impairment due to occupational exposure. Dr. Posin diagnosed acute respiratory insufficiency.

By order dated August 28, 2024, the claim administrator denied Mr. Markovich's application for benefits related to OP. The claim administrator said that because Mr. Markovich did not have a diagnosed impairment of OP made known to him by a physician,

_____

[2] According to Mr. Markovich's brief, Dr. Posin's reference was to the pulmonary function testing performed on April 23, 2024.

he did not file his application for OP benefits within three years from and after the date of last exposure. In its order, the claim administrator listed July 29, 2015, as the date of last exposure. The claim administrator cited West Virginia Code § 23-4-15(b), and found that the Department of Labor documents entitled "Medical History and Examination – Coal Workers' Pneumoconiosis" indicated that Mr. Markovich did not have pulmonary impairment related to OP and that no evidence of a diagnosed impairment due to OP was submitted with his application; thus, the claim administrator found that the second prong of the statute did not apply. The claim administrator determined that the claim was not timely filed and stated that its decision is consistent with *Pennington v. West Virginia Office of the Insurance Commissioner*, 241 W. Va. 180, 820 S.E.2d 626 (2018). Mr. Markovich appealed the order to the Board.

Mr. Markovich testified at a deposition on November 14, 2024, that he was last employed in a mining job by Murray Energy, where he last worked in July of 2015. He said he worked for Murray Energy for about a year and one-half to two years (noting also that the mine was previously operated by Consolidation Coal and Murray Energy). Mr. Markovich testified that his jobs in the mine included working as a general laborer, belt controlman, beltman, and bolting on the line. Mr. Markovich explained that some of his work involved filling dusters with rock dust, and he had a lot of exposure to coal dust while working as a belt controlman. Testifying about the examination by Dr. Posin on April 23, 2024, Mr. Markovich said that he had not previously filed an OP claim in West Virginia, but that after the testing was performed at Reynolds Memorial Hospital, he filed a federal black lung claim, which was not approved. Mr. Markovich testified that Dr. Aulick, who examined him at Reynolds Memorial Hospital, later died, and Dr. Posin then took over. Further, Mr. Markovich noted that he has asthma, but he never smoked tobacco.

According to Mr. Markovich, Richard Ryncarz, M.D., indicated that his work environment in mining contributed to his problems. Specifically, Mr. Markovich recalled that, when he was admitted to the Wheeling Hospital for pneumonia, Michael Blatt, M.D., told him, "You probably have the beginnings of black lung" and that, "It shows that you have impairment." Mr. Markovich could not recall the date of the conversation with Dr. Blatt, but he said it was before July of 2015, because he was still working in the mines at the time. As far as a written report of impairment from a physician, Mr. Markovich testified that he had a document from Dr. Ryncarz regarding a visit he had on September 23, 2014. Mr. Markovich could not recall whether he was given a percentage of impairment, but he noted that Dr. Ryncarz noted asthma with an elevated diaphragm and indicated that there was impairment.[3] According to Mr. Markovich, Dr. Posin, the first doctor who assessed impairment related to OP, found 20% impairment.

By order dated April 7, 2025, the Board affirmed the claim administrator's denial of Mr. Markovich's application for OP benefits. The Board found that Mr. Markovich did

---

[3] No report from Dr. Ryncarz was submitted into the Board's record.

not timely file his application for benefits pursuant to West Virginia Code § 23-4-15(b) (2010). It is from this order that Mr. Markovich now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Markovich argues that the Board was clearly wrong in finding that his claim was not timely filed. Specifically, Mr. Markovich asserts that the Board incorrectly characterized his testimony concerning the nature and extent of information provided by Drs. Blatt and Ryncarz. Mr. Markovich notes that when these physicians made the comments about his environmental and coal exposure, he was being treated for pneumonia, and no evaluation of OP or formal testing was done. Further, Mr. Markovich notes that there was no formal diagnosis of OP or assignment of impairment attributable to it until Dr. Posin did so. Instead, Mr. Markovich argues that the statement by Dr. Blatt that he "probably had the beginnings of black lung" was merely "conjecture" and would not support a claim for OP because it cannot be interpreted as a diagnosis of OP with impairment. Therefore, Mr. Markovich contends, Dr. Blatt's mention of probable "beginnings of black lung" cannot serve as the basis to reject his claim on a statute of limitations basis. Finally, Mr. Markovich argues that there are no medical records or evidence demonstrating that he had a diagnosis of OP prior to April 23, 2024, when Dr. Posin assessed and diagnosed him with OP and impairment associated with the disease. Thus, Mr. Markovich argues that the Board erroneously found that he did not timely file his claim because his statute of limitations for filing it did not begin to run until April 23, 2024, and he filed his claim within the three years following this assessment. We agree.

Pursuant to W. Va. Code § 23-4-15(b), an employee seeking benefits for occupational pneumoconiosis must file a claim within one of the two following time limitations:

> within three years from and after the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazards of occupational pneumoconiosis *or* within three years from and after a diagnosed impairment due to occupational pneumoconiosis was made known to the employee by a physician and unless filed within the three-year period, the right to compensation under this chapter is forever barred, such time limitation being hereby declared to be a condition of the right and hence jurisdictional….

W. Va. Code 23-4-15(b) (emphasis added).

Here, the Board ruled that Mr. Markovich failed to timely file his claim for OP within the second time limitation.[4] The Board relied on Mr. Markovich's testimony describing a statement made to him while being treated for pneumonia and found that the second time limitation in which Mr. Markovich could file a claim began to run before July of 2015. The Board found that Dr. Blatt's statement that Mr. Markovich "probably" had "the beginnings of black lung" and some pulmonary impairment, was a diagnosed impairment due to OP. Since Mr. Markovich did not file his claim until 2024, significantly more than three years after the statement was made, the Board found that his claim was not timely filed.

Based upon our review of the record, we find that the Board was clearly wrong when it concluded that Dr. Blatt's comment, made during the course of treating Mr. Markovich for pneumonia, was a "diagnosed impairment" and sufficient to start the three-year time period for filing a claim for OP. As Mr. Markovich notes, such a statement is mere conjecture. Further, as Dr. Blatt's alleged statement is in the record solely through Mr. Markovich's testimony, we agree that such a statement lacks any indicia of reliability, and accordingly, that it would not have been accepted as a basis upon which Mr. Markovich could have filed a claim for OP benefits at that time. In *Pennington*, the Supreme Court of Appeals of West Virginia held that applications for OP benefits that relied merely on radiology reports that indicated "simple pneumoconiosis" were insufficient to support a finding of the necessary "diagnosed impairment" under W. Va. Code § 23-4-15(b). In the present case, there is even less support for a finding of diagnosed impairment prior to the 2024 finding by Dr. Posin because there are no pre-2024 medical reports by any physician,

---

[4] It is undisputed that Mr. Markovich was last exposed to the hazards OP in July of 2015 and that he did not file his claim within three years thereof; thus, he does not meet the first time limitation provided in W. Va. Code § 23-4-15(b).

much less any who diagnosed OP. Thus, we conclude that the Board was clearly wrong when it determined that Mr. Markovich did not timely file his application for OP benefits.

Accordingly, the Board's order of April 7, 2025, is hereby reversed, and this claim is remanded to the Board with directions for the Board to review Mr. Markovich's application on the merits of the non-medical issue of whether he meets the exposure requirements necessary to file an OP claim and, if so, whether he meets the presumption set forth at W. Va. Code § 23-4-8c(b) (2009).

Reversed and Remanded, with directions.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White